CHRISTOPHER HAWKINS.
(Name)

WASCO State PRISON, P.O. Box 9900
(Address)

WASCO, CA, 93280.
(City, State, Zip)

CC 0532.
(CDCR / Booking / BOP No.)



FILED

OCT 31 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

CHRISTOPHER HAWKINS. ,

(Enter full name of plaintiff in this action.)

Plaintiff,

v.

DERRICK WILLIAMS, SAN DIEGO County/SHERIFFS DEPARTMENT Et. Al
SAN DIEGO County Jail Et. Al. DOES 1-10.

_____ ,

_____ ,

(Enter full name of each defendant in this action.)

Defendant(s).

Civil Case No. **'25CV3183 AJB BLM**

(To be supplied by Court Clerk)

DES 1-10.

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

THIS Is THE CORRECT JURISDICTION. .

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, CHRISTOPHER HAWKINS
(print Plaintiff's name)

_____ , who presently resides at WASCO STATE PRISON, P.O. Box 9900, WASCO, CA, 93280,
(mailing address or place of confinement)

_____ , were violated by the actions of

the below named individuals. The actions were directed against Plaintiff at San Diego County Jail

Resisting. X2

1173 FRONT STREET, San Diego, CA, 92101, on (dates) PC-69(A), PC-71(A)(A), and PC-148(A)(A). PC-602(a)(a)
(institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3) (Count 4)

(PC-3455)    PC-243 b

(Count 5)    (Count 6)

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants:</u> (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>San Diego County Sheriffs Department</u>resides in <u>San Diego</u>,
                    (name)                                              (County of residence)
and is employed as a <u>Officer Respond For The County Jail RWI</u>. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ■ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: <u>OFFICIAL CAPACITY OF SUPERINTENDANT AND CHARGE OF CUSTODY AND INJURY</u>

<u>RESPONSIBILITY FOR CONDITIONS OF CONFINEMENT UNDER FEDERAL GUIDELINES OF LAW THAT INFLICTED</u>

<u>CORPORAL PUNISHMENT UPON INJURY TO PERSON IN THE County Jail Amounted TO CORPORAL INJURY</u>

Defendant <u>DETURICK WILLIAMS. (Carla)</u> resides in <u>San Diego</u>,
                    (name)                                              (County of residence)
and is employed as a <u>Custodial Respondent For County Jail.</u> This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ■ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: <u>OFFICER Having Custody OF PLAINTIFF AS THE RESPONDENT.</u>

_____

_____.

Defendant _____ resides in _____,
                    (name)                                              (County of residence)
and is employed as a _____. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: _____

_____

_____.

Defendant _____ resides in _____,
                    (name)                                              (County of residence)
and is employed as a _____. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: _____

_____

_____.

§ 1983 SD Form
(Rev. 8/15)                                            2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: <u>Conditions of Confinement, Due Process,</u>

(E.g., right to medical care, access to courts,

<u>Cruel and Unusual Punishment, Corporal Punishment, Meaningful Access, Commissary.</u>

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Cortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996)., R.2(a), (Brittingham v. United States, 982 F.2d 387, 379 (9th Cir. 1992) (per curiam) Petitioners must name the individual having custody of him as respondent. ✱ Case# 3:25-cv-01827-BJC-LR (Filed 7-28-25).

✱ Documents attached as Exhibit 2: Cruel & Unusual Punishment not receiving out of cell time.

✱ Title 15 U.S.C. Crime Prevention and Correction Division, Article 6, Chapter 2, Section: 1065 (a)

✱ 15 CCR, Division 3 Chapter 2, Subchapter 3 of Article 2 Section: 3320 (a), Not receiving minimum amount of recreation yard and exercise.

✱ (Delaney v. Detella, 256 F.3d 1079, 683 (7th Cir. 2001). That some form of regular exercise is extremely important to the psychological and physical well being of inmates that per county incarceration records the court will review the acknowledgement of the strong likelihood of psychological injury after 90 days (7 actual months in solitary confinement) where the allotment of Day Room access was denied through continual incarceration. That trash piled up in the cell for days at a time, meaningful access was hindered & impeded throughout trial through rights to information (B+E's Pg 2 line 25-28 of Case# 3:25-cv-01827-BJC-LR). Presents Documentation of incarcerment to extreme conditions of constant lock downs that exceed 72 hrs on a regular basis, not providing Day Room access in AD-Seg conditions, no recreation yard, corporal abuse and injury from authority and abusing of other problematic inmates made living conditions un-liveable. Housing program lights being kept on in the cells 18 hours a day with medication times late at night past with T.V. left on past 12am, not receiving hot meals during trial or lunch in my cell upon return, shower temperature so hot it left surface burns to the point it was intolerable, no showers at all or Day Room during trial for 7 days or phone calls, constant interruptions from staff banging on the cell doors and windows with bright metal keys demanding movement, 3 hair cuts total in 7 months, not receiving indigent supplies or envelopes, paper and pencils which I had to chew with my teeth and sharpen on the cell floor, razor restrictions, not receiving access to commissary for the entire duration of incarceration. Injunction relief in junction has been filed September 28th 2025 Case# (3:20-cv-00406-AJB-DDL) in regards to corporal injury that would qualify for immediate release.

(Case# 3:25-cv-01827-BJC-LR)

§ 1983 SD Form (Rev. 8/15)    Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973).

3

Count 2:  The following civil right has been violated: Meaningful Access. Right to Commissary

(E.g., right to medical care, access to courts,

Right to Media. Due Process.                                                    .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

"The Zimmer Amendment" which prohibits expenditures of funds for viewing movies rated R or (NC-17) current facility predicatment in ("Jewell v. Gonzales, 420 F. Supp. 2d 400, 434-41 (W.D. Pa 2006) upholding amendment under Turner.

* Claim under prisoners First Amendment right to "be free from governmental interference with their contacts with the press if that interference is based on the content of their speech or proposed speech. (Kimberlin v. Quinn, 199 F.3d 496, 502 (D.C. Cir. 1999). That San Diego County Jail imposed the right to information to media address for the duration of each and every arrest that denied the ability to gain knowledge of the path to direction of intervention of media interest to interview the issue at knowledge of the constitutional violation (Canadian Coalition Against the Death Penalty v. Ryan, 269 F. Supp. 2d 1199, 1202-03 (D. Ariz. 2003), my ability to gain any means to an interview is continually voided by removal of communication to the media that would channel respected retained counsel in the eyes of the public view why I am being maliciously hunted for targeted arrest to commit seizure in custody while all contact is removed to the outside world all rights were removed of anything.

* Not having consistant access to the news paper in administrative segregation 2 news papers placed in the day room once every couple days.

EXHIBIT B. (2 Pages).

CONDITIONS OF CONFINEMENT

Contexts For Disapproval of Custody Due Process Violation, For Release of Custody.

"July 29th 2025 Mail was Denied by Process of Institution to Media Outlet Los Angeles Times Media Publication That Predicted the Out Come of Federal Issues of Choice of Counsel to Reach outside of the Public Defenders Office To Remain Issues of Confinement.

"Issues That Hindered and Impeded Title 15 CCR § 1063 Correspondence August 26th 2025 Obstruction of Mail Continued to Be Returned to Sender Not Being Delivered or Investigated By Mail Processing Center to Request For Information That Coerced Financial Options Were Removed By Counseling and Facility To Obtain Marketing Proof Of Resource and Legal Representation Into a Global Distribution Involved Sanitation Company, Friends and Family Was Complete Separation of Contact Thru Mass Destruction of Finance or Classifier Resource Contaminated Total Communication to Anything Out side Resource of Relationship Could Produce And Removal of Connection to Everything That Could Produce The Ability of Factual Innocence. By Non-Stop Mail Being Returned to Sender With "No Such Available Address" RTS Being Repackaged and Re-Sent And Delivered Everyday) to The Exact Same Address With Proof Of Documentation Being Continuously Denied By Sheriff's Deputies Refusal to Provide Grievance, Processing, Signature or Approval With Demand For Continual Explanation That Requires A "Best of Argument" For Processing of A Grievance For Documentation Which Has Caused Permanent Emotional and Mental Trama From years of Non-Stop Abuse By The San Diego Sheriffs Department, I Was Denied The Ability To Contact Someone By Recipient of Envelope By U.S. Mail Many Times That Caused Hardship In Contact With My Family 3,600 Miles Away Who Are Now In Their Late 60's Everything Comes Back Return To Sender To Address Marked As Un-Deliverable To Something That Was Previously Recieved To Mail Records That Has Hindered And Impeded A Choice of Counsel, Right to Media Coverage Or Specific to Outside Relationship At All Has Been lost to The Point of Defimation

Page 4.

Count 3:  The following civil right has been violated: Inmate Supplies, Denial of Trust Account
(E.g., right to medical care, access to courts,

Eighth Amendment Violation) For Conditions of Confinement.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

Chriscol v. Phillips, 109 F.3d 813, 817 (8th Cir. 1997) withholding access to a Prison account to Pay Legal Fees can deny Access to Courts. ( Meis v. Gramer, 226 Neb. 860, 411 N.W. 2d 355, 368 (Neb. 1987). That Previous Facility and New Facility has Prevented Inmate/ Eligible For Transfer Of Authority Of Financial Indemnance By Rights Of Personal Financing Into Denial Of Access To Personal Private Finance For Ability To Provide Rights Of Effective Relationship Of Counsel Selection, Envelopes, Stamps, Soap, Food, Coffee, Paper Or minimum Amounts Of Weekly Inmate Supplies, Has Placed Unnecessary Hardship To Freedom Of Anything I Need, I Am State Funded Completely and Have Less Than Every Single Person I'm In Contact With Consistantly And Not Being Issued Weekly Commissary/ Indigent Supplies From The Facility, I Am A Burden To Everything Around Me That Has Added To Complete Removal Of Any Friends Or Family That Previously Existed In My Life.

* I Continue To Be Denied Commissary Ordering Due To Processing Into Would Be Non-Interest Earning Account That Transfer From Prior Facility Where Funds Received (8-22-25) Could Not Be Actively Deposited Into a Trust Account Properly To Receive Commissary, Mailing Supplies In Administrative Segregation For Use Upon New Arrival To CDCR Prison Reception That Continues To Impede Actual Immediate Access To Commissary Canteen Items Or The 10 x 12 Yellow Legal Mailing Envelope And Postage Necessary To Contact Courts For Filing Civil Tort For Continued Hardship, Proper Exhibits And Filing Fees That Would Produce Counsel Upon Screening In A Timely Manner, Actual Processing By The New Facility Is In Excess Of 60 Days From Time Of Receipt Of Actual Funds Clearing The Bank Of Issuer That Would Exceed Access To 2nd Draw Of Canteen Into Reception Which Denies Me Access to What Everyone Around Me Already Has. That Makes Me The Problem In The Room Victim To Every Circumstance That Exist By Necessity Of Severe Prolonged Involuntary Deprivation Of Liberty And Property Was Intentional Deprivation For Due Process Each And Every Caused By Eliminating Due Process Protections For Interest That Are Intentionally Protected By The Constitution Affecting Hardships Length Of Duration In Relation To Ordinary Incidents Of Prison Life (Sandin, 515 U.S. At 483-84). (Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008) quoting: Wagner v. Hanks, 128 F.3d 1173, 1174 (7th Cir. 1997). When The Denial Of Lifes Necessities Alone Could give Rise To A Liberty Interest Of Violating The Eighth Amendment. (Gillis v. Litscher, 468 F.3d 495 (7th Cir. 2006). This Is Very Similar Alleging no Visitors, No Clothing, No Canteen Items, No Phone, Very Limited Quanties Of Toilet Paper, No Privacy.

(Cont3).

EXHIBIT 3. (1 pg)

CONDITIONS OF CONFINEMENT.

INDIGENT SUPPLIES, THROUGH COMMISSARY.

CASE # 3:25-CV-01827-BJC-LR. (BATES Pg3 LINE 12,19), PREISER, 411 U.S. AT 500, (HECK V. HUMPHREY, 512 U.S. 477, 480-85 (1994), (NETTLES V. GROUNDS, 830 F.3d 922, 935 (9th CIR. 2016), PETITIONER NOW WRITES TO CHALLENGE HIS CONDITION OF CONFINEMENT PER U.S.C. 42 §1983,

Page 5.

(Count 4)   C. Cause of Action:

1983
Civil Rights

The Following Civil Right Has Been Violated:

Conditions of Confinement:

Right to Adequate Medical Care, Due Process, Eighth Amendment,

Supporting Facts:

Smith v. Corrections Corp of America, 375 F. Supp. 2D 859, 901-02.

Case #: 3:25-cv-01827-BJc-LR.

Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973), (Heck v. Humprey, 512 U.S. 477, 480-85 (1994) For Conditions of Confinement., Denied Access to Information From Previous Facility of Resident Prevents Proper Filing of Claim (Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996),

From the month of March I was Denied Medical Care From the Facility From Having my Right Ear Completely Clogged with an Obstruction Blocked Hearing Completely as Multiple Medical Care Request Were Filed with the Facility Reasonably Necessary Medical Care that was Available Went Intentionally Unscheduled By the Facility For Over 4 Months. (Langley v. Coughlin, 888 F.2D 252, 254 (2D Cir. 1989) Officials Must Provide "Reasonably Necessary Medical Care" which would be Available to the Prisoner If Not Incarcerated", (Barrett v. Coplan, 292 F.Supp. 2d 281, 285 (D.N.H. 2003) "Adequate Medical Care Requires Treatment By Qualified Medical Personnel Who Provide Services that are of a Quality Acceptable When Measured By Prudent Professional Standards In the Community, Taylored To An Inmates Particular Needs, And that are Based On Medical Considerations " (citing DeCologero). (Smith v. Dept of Corrections, 105 OR. App. 61, 804 P.2D 482, 484 ( OR. App. 1990) And Wanton Infliction of Pain Proscribed By The Eighth Amendment. (Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976), (Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. R197 (2007) (Per Curiam), Plaintiff to Show that the Defendants Had Actual Knowledge And Did Not Respond Reasonably To the Risk (Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994) Does Constitute Malpractice (Coppage v. Mann, 906 F. Supp. 1025, 1040, 1049 (E.D. VA 1995) The Injury Consisted of Medical Treatment that Went Un-Treated For Well Over 10 Arrest Where Medical Request was Continually Denied Medical Care that Continued Out of Custody Due to the Severe Amount of Physical And Emotional Infliction of Prolonged Abuse.

Pg: 5   Con A.

San Diego Sheriff's Dept.     Health Care Request Form Reciept.

Removal of Medical Consent By Sheriff Department's Medical Staff and San Diego Police Officers upon Intake over 40 Times.

TRO - (Jackson v. District of Columbia, 254 F.3d 262, 265 (D.C. Cir. 2001), Rule 65 (e).

Mental & Emotional Injury 42 U.S.C. § 1997 E (e).

(Hutchins v. Mc Daniels, 512 F.3d 193, 196-98 (5th Cir. 2007).

(Friedland v. Fauver, 6 F. Sup. 2D 292, 810 (D.N.J. 1998) Acknowledging Right to Freedom From Arrest and Incarceration Without Probable Cause). (28 U.S.C. § 1915 (e)(1) Exigency for Appointment of Counsel IFP Statute (Weir v. Potter, 214 F. Supp. 2D 53, 55 (D. Mass. 2002). # Access to Documentation of Discovery Evidence Requires Disposition of Appointment of Counsel (Ayema v. Corrections Corp. of America, 390 F.3d 1101, 1104 (9th Cir. 2004), (Montgomery v. Pinchar, 294 F.3d 492, 502 (8D Cir. 2002). Requirement for Expert Medical Witness (Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005.)

Holding a Prisoner Who Was Denied the use of a Bathroom and Urinated on Himself Suffered only Mental or Emotional Injury. (Parker v. Valone, 2006 WL 3086900, #2-3 (E.D. Mich., Oct. 30, 2006), During Transport and Inside of the Holding Cells and Sentencing Cell For Conditions of Confinement and Severity of Consistant Injuries A Deprivation of Liberty, 42 U.S.C. § 1997 (e)g. (See Rush v. giurbino, 2007 WL 3473223, #2 (S.D.CM., Nov. 14th 2007),

(Winter v. Natural Resources Defense Counsel, Inc., 129 S. Ct at 375) Party Seeking Injunction Must Show Likelihood, Not Mere Possibility, of Irreparable Harm) Umbert v. Boss, 498 F.3d 446, 452-53 (7th Cir. 2007).

Page 5 cont:

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____.

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____.

(d) Issues raised: _____

_____

_____

_____

_____.

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

_____

_____

_____

_____

_____

_____

_____

_____.

## E.  Request for Relief

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

PROTECTIVE ORDER FOR REARREST THE DEFENDANT HAS

SUFFERED IRREPARABLE INJURY WITHOUT THE INJUNCTION THAT DEFENDANT SEEKS FELITAL PROTECTIVE ORDER FROM

THE SAN DIEGO POLICE DEPARTMENT THAT EMOTIONAL TRAMA HAS EXCEEDED CORPORAL INJURY UPON EXCESSIVE FORCE

CONSTITUTIONAL VIOLATIONS ARE REPEATED IN MALICE WITH MALICIOUS INTENT TO COMMIT MURDER IN REPRISAL.

    2. Damages in the sum of $ 14 Million Dollars.

    3. Punitive damages in the sum of $ 12.4 Million Dollars.

    4. Other: EXEMPLARY DAMAGES FOR EMOTIONAL TRAMA CONSISTANT WITH CORPORAL INJURY THAT CAUSED

PERMANENT DAMAGE TO DISABILITY THAT WOULD REQUIRE EXTENSIVE MENTAL HEALTH TREATMENT.

## F. Demand for Jury Trial

Plaintiff demands a trial by ■ Jury  □ Court.  (Choose one.)

## G.  Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge.  The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases.  Consent to a magistrate judge will likely result in an earlier trial date.  If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| | |
|---|---|
| ☐ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR**  ▨ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

October 15th 2025.
_____
Date

MAILING DATE: October 26th 2025 8Pm.

_____
Signature of Plaintiff

CHRISTOPHER HOWELL

CDCR #: CCOE32

Wasco State Prison Reception

P.O. Box 9900

Wasco, Ca, 93280

United States District Court

Southern District of California

Office of the Clerk

333 West Broadway, Suite 420

San Diego, CA, 92101

Santa Clarita P&DC 01-91382

TUE 28 OCT 2025 PM

OCT 31 2025

OFFICIAL BUSINESS (Legal Mail)

10-26-25

Legal Mail