UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS, CDCR #CC-0532,<br><br>                      Plaintiff,<br><br>vs.<br><br>DERRICK WILLIAMS, SAN DIEGO COUNTY, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, SAN DIEGO COUNTY JAIL, and DOES 1-10,<br><br>                      Defendants. | Case No.: 25cv3183-AJB (BLM)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH Fed. R. Civ. P. 8(a) AND FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Christopher Hawkins, an inmate at the San Diego Central Jail at the time of the relevant events, is proceeding *pro se* in this civil action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. No. 2.)

I. **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

1

1 | although the administrative fee does not apply to persons granted leave to proceed IFP. *See*
2 | 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee
3 | Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to
4 | prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
5 | § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner
6 | seeking leave to proceed IFP must submit a "certified copy of the trust fund account
7 | statement (or institutional equivalent) for . . . the 6-month period immediately preceding
8 | the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119
9 | (9th Cir. 2005). From the trust account statement, the Court assesses an initial payment of
10 | 20% of (a) the average monthly deposits in the account for the past six months, or (b) the
11 | average monthly balance in the account for the past six months, whichever is greater, unless
12 | the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577
13 | U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in
14 | "increments" or "installments," regardless of whether their action is ultimately dismissed.
15 | 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his inmate trust account statement attested to by a trust account official. (Doc. No. 2 at 4.) The document shows he had an average monthly balance of $0.00 and average monthly deposits of $0.00, with an available balance of $0.00. (*Id.*) Plaintiff's IFP motion is **GRANTED** with no partial filing fee. Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of Plaintiff will forward payments to the Clerk pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1) & (2) until the $350 statutory fee is paid in full.

**II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

   **A.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203

1  F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v.*
2  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)). "The standard for
3  determining whether a plaintiff has failed to state a claim upon which relief can be granted
4  under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)
5  standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.
6  2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that
7  § 1915A screening "incorporates the familiar standard applied in the context of failure to
8  state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a
9  complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief
10 that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell*
11 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint
12 states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing
13 court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.     **Plaintiff's Allegations**

Plaintiff alleges that during his incarceration at the San Diego Central Jail, "trash piled up in the cell for days at a time, meaningful recess was hindered & impaired throughout trial through rights to information." (Doc. No. 1 at 3.) He alleges there were:

> extreme conditions of constant lockdowns that exceeded 72 hours on a regular basis, not providing day room access in administrative segregation, no recreation yard, corporal abuse and injury from authority and housing of other problematic inmates made living conditions un-livable, housing program lights being on in the cells 18 hours a day with medicine times late at night past 10 pm, t.v. left on past 12, not receiving hot meals during trial or lunch in my cell upon return, shower temperature so hot it left severe burns to the

3

25cv3183-AJB (BLM)

|   |   |
|---|---|
| 1 | point it was in tolerable, no showers at all or day room during trial for 7 days or phone calls, constant interruptions from staff banging on the cell doors and wardens with big metal keys demanding movement, 3 haircuts total in 7 months, not receiving indigent supplies or envelopes, paper and pencil which I had to chew with my teeth and sharpen on the cell floor, razor restrictions, not receiving access to commissary for the entire duration of incarceration. |

(*Id*.)

Plaintiff claims his First Amendment right to be free from governmental interference with contact with the press based on the content of his speech was denied because he had no means to be interviewed by the press and had access to only two newspapers in the day room once every couple of days. (*Id*. at 4.) He alleges that on "July 29th, 2025 mail was denied by process of institution to media outlet Los Angeles Times media publication that predicted the out come of federal issues of choice of counsel to reach outside of the public defenders office to retain issues of confinement." (*Id*. at 5.) This claim continues with lengthy, confusing, rambling and disjointed statements which apparently indicate that his personal and legal mail was not delivered, which may have had an impact on his ability to litigate his criminal proceedings. (*Id*.)

Plaintiff next complains that the jail interfered with access to his money through his trust account, which diminished his "rights to effective relationship with counsel selection, envelopes, stamps, soap, food, coffee, [unintelligible], or minimum amounts of weekly indigent supplies, has funds unnecessary hardships to freedom of anything I need, I am state funded completely and have less than every single person I'm in contact with consistently and not being issued weekly commissary indigent supplies from the facility." (*Id*. at 6.) He alleges those same hardships continued after his transfer from the Jail to the state prison where he is currently housed, as well as "no visitors, no clothing, no canteen items, no phone, very limited quantities of toilet paper, no privileges." (*Id*.)

Finally, Plaintiff alleges that: "From the month of March I was denied medical care from the facility from having my right ear completely clogged with an obstruction blocked hearing completely as multiple medical care requests were filed with the facility reasonably

necessary medical care that was available went intentionally unscheduled by the facility for over 4 months." (*Id*. at 8.) Although Plaintiff names in the caption of the Complaint Defendants Derrick Williams, San Diego County, the San Diego County Sheriff's Department, the San Diego County Jail, and Does 1-10, only Defendant Williams, "a custodial respondent for County Jail," and Defendant San Diego County Sheriff's Department, the "superintendent in charge of custody and injury responsibility for conditions of confinement under federal guidelines of law that inflicted corporal punishment upon injury to person in the county jail limited to corporal injury," are identified in the Complaint. (*Id*. at 2.)

### C. Analysis

#### 1. Federal Rule 8

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A pleading that merely alleges "naked assertion(s) devoid of further factual enhancement" does not satisfy Rule 8. *Iqbal*, 556 U.S. at 678.

The factual allegations in Plaintiff's Complaint are conclusory, unconnected with any action taken by any Defendant, and almost entirely undated. Although some small context is possible regarding the dates of medical care from the exhibits attached to the Complaint, which include grievance forms submitted to jail authorities for a single month, (*see* Doc. No. 1-2 at 3–13), "[e]xhibits attached to a complaint are not a substitute for factual allegations." *Arnold v. Hearst Mag. Media, Inc.*, No. 19-cv-01969-WQH-MDD, 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that verbose and confusing complaint with addenda and exhibits was properly dismissed under Rule 8).

The Court finds Plaintiff's Complaint fails to provide Defendants with fair notice or a "plain statement of the claim showing Plaintiff is entitled to relief." Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Therefore, the Court **DISMISSES** the Complaint in its entirety

for failure to comply with Rule 8. *See Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012) ("The court may . . . *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ('Rule') 8.")

### 2. Failure to state a claim

In addition, the allegations in the Complaint fail to state a claim upon which relief may be granted. Because Plaintiff appears to indicate he was a pretrial detainee at the time of the events at issue, the Court will construe his conditions of confinement claim as arising under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."); *see also City of Revere v. Massachusetts Gen. Hospital*, 463 U.S. 239, 244 (1983) (holding that "due process rights" of a person who has not been convicted "are at least as great as the Eighth Amendment protections available to a convicted prisoner.")

To state a claim for unconstitutional conditions of confinement under the Fourteenth Amendment, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Plaintiff fails to state such a claim because he fails to connect any alleged action to any Defendant. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

In addition, in order to state a claim for municipal liability against the County of San

Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694).

Plaintiff has not identified in the body of the Complaint a custom, policy, or practice allegedly adhered to with deliberate indifference to his constitutional rights. His allegations regarding the conditions at the Jail, in addition to being conclusory and lacking detail regarding when they happened, fail to plausibly allege municipal liability because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" generally will not give rise to § 1983 municipal liability. *Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege a constitutional violation).

Plaintiff cannot state a § 1983 claim against the San Diego Sheriff's Department or the San Diego County Jail because they are not "persons" within the meaning of § 1983. *See Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.");

*Johnson v. County of San Diego*, No. 18-cv-01846-LAB-RBB, 2020 WL 5630503, at *3 (S.D. Cal. Oct. 30, 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.")

Finally, Plaintiff alleges the interference with his mail and legal supplies adversely affected his ability to litigate his criminal case by interfering with his ability to select counsel and communicate with his family and the media. This claim suffers from the same defects as his due process claim: there are no factual allegations connecting any Defendant with any alleged action, and the allegations are entirely conclusory and unconnected to any temporal event. *Leer*, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Iqbal*, 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard).

Plaintiff's Complaint is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### D. Leave to Amend

Because Plaintiff is proceeding *pro se*, the Court will grant him an opportunity to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III.   Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2);

2. **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to

the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to comply with Federal Rule of Civil Procedure 8(a) and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to timely file an Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: December 18, 2025

Hon. Anthony J. Battaglia
United States District Judge