UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS, CDCR #CC-0532, <br><br> Plaintiff, <br><br> vs. <br><br> DERRICK WILLIAMS, SAN DIEGO COUNTY, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, SAN DIEGO COUNTY JAIL and DOES 1-10, <br><br> Defendants. | Case No.:  25-cv-03183-AJB-BLM <br><br> **ORDER:** <br><br> **(1)  VACATING JUDGMENT AND REOPENING CASE;** <br><br> **(2)  GRANTING MOTION TO FILE AN AMENDED COMPLAINT; and** <br><br> **(3)  EXTENDING TO TIME TO FILE AMENDED COMPLAINT** |

On October 31, 2025, Plaintiff Christopher Hawkins, an inmate at the San Diego Central Jail at the time of the events, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 along with a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 1–2.) On December 18, 2025, the Court granted IFP and dismissed the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. (Doc. No. 3.) Plaintiff was notified of the deficiencies of his pleading and granted leave to amend on or before February 2, 2026. (*Id.* at 9.) Plaintiff was informed that if he failed to timely amend, the Court would dismiss this action for failure to state a claim and failure to

1

prosecute. (*Id*. (quoting *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

On March 16, 2026, having not heard from Plaintiff or received an amended complaint, the Court dismissed this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute. (Doc. Nos. 4–5.) That same day, the Court received Plaintiff's motion for leave to file an amended complaint requesting an extension of time to amend due to interruptions in his process of amending. (Doc. No. 6.) Plaintiff's motion is dated March 9, 2026, and was mailed from the prison on March 10, 2026, prior to entry of judgment. (*Id*. at 2-3.) The motion was therefore constructively filed prior to entry of final judgment, although still beyond the time set to amend. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (a pleading is constructively filed when a prisoner delivers it to the prison authorities for forwarding to the court).

Good cause shown, the Court **VACATES** its March 16, 2026, judgment and **ORDERS** the case to be reopened. Plaintiff's Motion to file an amended complaint is **GRANTED** and the Court **EXTENDS** the time to file an amended complaint to on or before **April 20, 2026**.

**IT IS SO ORDERED.**

Dated: March 18, 2026

Hon. Anthony J. Battaglia
United States District Judge

2

25-cv-03183-AJB-BLM