UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER HAWKINS,
CDCR #CC-0532,

Plaintiff,

vs.

DERRICK WILLIAMS, SAN DIEGO COUNTY, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, SAN DIEGO COUNTY JAIL and DOES 1-10,

Defendants.

Case No.: 25-cv-03183-AJB-JAC

**ORDER:**

**(1) DENYING MOTIONS FOR DISCOVERY, SANCTIONS AND APPOINTMENT OF COUNSEL, and**

**(2) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE**

On October 31, 2025, Plaintiff Christopher Hawkins, an inmate at the San Diego Central Jail at the time of the events, proceeding *pro se*, initiated this civil action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1–2.) On December 18, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. (Doc. No. 3.) Plaintiff was notified of the deficiencies of his pleading and granted leave to amend on or before February 2, 2026. (*Id*. at 9.) The date for filing an amended complaint was extended

to April 20, 2026 (Doc. No. 7), and again to June 4, 2026 (Doc. No. 9). As of the date of this Order, Plaintiff has not filed an amended complaint.

However, on June 8, 2026, Plaintiff filed a motion for appointment of counsel to assist him in seeking discovery, sanctions, and settlement. (Doc. No. 10.) He indicates he needs "appointment of counsel to produce discovery towards the outcome of settlement in the acquirement of receipt of payment for damages in the amount of 1 lump sum." (*Id*. at 3–4.) It is unclear what sanctions he is seeking, but it appears to involve either his transfer to the San Quentin Rehabilitation Center during the pendency of this action or the conditions of his confinement there. (*Id*. at 1–3.)

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the *pro se* litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

As noted in the Court's prior dismissal order, Plaintiff's allegations regarding the conditions at the jail failed to state a claim because they were conclusory, lacking detail regarding when they happened, and failed to connect any Defendant with any alleged action. (Doc. No. 3 at 6–8.) For the reasons discussed in that Order, Plaintiff has not shown he is likely to succeed on the merits of the claims. (*Id*.) Because Plaintiff's claims are not legally complex and he has shown an ability to articulate his claims, exceptional circumstances warranting appointment of counsel do not exist in this case. There is not a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer*, 560 F.3d at 970. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel to assist him in obtaining discovery and sanctions.

As noted, Plaintiff has not filed an amended complaint although he has had over seven months to do so. Plaintiff was instructed that failure to amend would result in dismissal of this action for failure to state a claim and failure to prosecute. (Doc. No. 3 at 9 (quoting *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel, discovery and sanctions (Doc. No. 11) and **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute. The Clerk of Court will enter final judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Hon. Anthony J. Battaglia
United States District Judge